UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELAINE BROWN on behalf of herself and
all other similarly situated consumers

       Plaintiff,

  -against-

FORSTER & GARBUS LLP

       Defendant.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 31 2014 ★

LONG ISLAND OFFICE

CV 14 0711
FEUERSTEIN, J
TOMLINSON, M

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff Elaine Brown seeks redress for the illegal practices of Forster & Garbus LLP in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Dallas, Texas.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Elaine Brown

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about February 4, 2013, Defendant sent a collection letter communicating to the least sophisticated consumer that the communication came from a law firm in a practical sense, violating Section 1692e(3).

    Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005). (computer generated "mass mailing" of tax season settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief under Section 1692e(3).), Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011) (Same), Cordes v. Frederick J. Hanna & Assocs., P.C., 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011) (same)

12. The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription,

including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3).

13. The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993). See, e.g., Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997), Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996), Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008), Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.), See also Suquilanda v. Cohen & Slamowitz LLP., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer and without an attorney conducting any meaningful review, using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3).")

14. The Second Circuit confronted similar facts in *Clomon*. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent." 988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 15 U.S.C. 1692e(3) because, although literally "from" an attorney, they "were not 'from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

15. Although Forster & Garbus LLP may technically be a law firm, it was not acting in the

capacity of a law firm with respect to the said letter. The inclusion of the words "A New York Law Firm" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

16. If Forster & Garbus LLP desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense.

See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993), See e.g. Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."). See also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.), Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer and without an attorney conducting any meaningful review, using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)".)

17. The Defendant printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendant and

which Defendant acquired after such obligation or alleged obligation was charged-off or was in default. A true and correct copy of Defendant's communication is attached hereto.

18. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

19. Defendant mails, or causes the mailing of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

20. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

21. The said letter is a standardized form letter.

22. Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

23. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty two (22) as if set forth fully in this cause of action.

24. This cause of action is brought on behalf of Plaintiff and the members of a class.

25. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the

complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt; and (b) that the collection letter used an attorney letter head which represented that the letter was sent from a law firm in a practical sense, but which failed to qualify that the debt had not been reviewed by an attorney; and (c) the collection letter was not returned or undelivered by the post office; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

26. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

 (a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

 (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

 (c) The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

 (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

 (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

27. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

30. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

31. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
January 27, 2014

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

**FORSTER & GARBUS LLP**
*A NEW YORK LAW FIRM*

60 Motor Parkway
Commack, NY 11725-5710
·P048531143566DST3F·

61 158 00013707 A
228749

RONALD FORSTER - Adm. in NY Only
MARK A. GARBUS - Adm. in NY Only
EDWARD J. DAMSKY - Adm. in NY Only
JOEL D. LEIDERMAN - Adm. in NY Only

ANNETTE T. ALTMAN - Adm in NY Only
OLIVIA DEBELLIS - Adm - in NY Only
RONALD J. FERRARO - Adm in NY & NJ
MICHAEL J. FLORIO - Adm in NY Only
AMY GAVLIK - Adm in NY Only
TESS E. GUNTHER - Adm in NY & CT
EDWARD C. KLEIN - Adm in NY Only
KEVIN M. KNAB - Adm in NY Only
MICHAEL S. LEINOFF - Adm in NY Only
JAMES J. TIERNEY - Adm in NY Only

**PERSONAL & CONFIDENTIAL**

February 4, 2013

BALANCE DUE as of February 4, 2013 ▸ $10,129.77
Reference Number ▸ P048531143566
Account Number ▸ XXXXXX3566
Re ▸ MIDLAND FUNDING,LLC
AS PURCHASER OF AN ACCOUNT ORIGINALLY OWNED BY WASHINGTON MUTUAL BANK

1-631-393-9400
1-877-709-6883 Ext. 219
**Representative Name: MS LOGAN**
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST

ELAINE BROWN
136 SAINT PAULS PL APT 3B
BROOKLYN NY 11226-2744

Dear Elaine Brown,

This office has been authorized to advise you that a settlement of the above account can be arranged. You are being offered a substantial discount off the current balance due. You may choose one of the three payment options as follows:
A. One payment of $5,571.37, which we shall expect by February 20, 2013.
B. Two payments of $3,038.93 each, totaling $6,077.86 which we shall expect by February 20, 2013, and March 20, 2013.
C. Three payments of $2,194.78 each, totaling $6,584.34, which we shall expect by February 20, 2013, March 20, 2013, and April 22, 2013.

Please note that we are not obligated to repeat this offer.

Please return the bottom portion of this letter with your selection checked to confirm your settlement choice. If you are unable to take advantage of the above settlement opportunities, please contact this office so we may arrange a payment plan on the account.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Please mail all correspondence and payments to the address listed below.

---

Office Location: 60 Motor Parkway
Commack, NY 11725-5710

▲ DETACH HERE ▲

MAKE CHECK PAYABLE TO: **FORSTER & GARBUS LLP as attorneys** AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, COMMACK, NY 11725-9030 IN ENCLOSED ENVELOPE

Please select a payment option: ☐ A  ☐ B  ☐ C

ELAINE BROWN
136 SAINT PAULS PL APT 3B
BROOKLYN NY 11226-2744

BALANCE DUE as of February 4, 2013 ▸ $10,129.77
Reference Number ▸ P048531143566
Re ▸ MIDLAND FUNDING,LLC
AS PURCHASER OF AN ACCOUNT ORIGINALLY OWNED BY WASHINGTON MUTUAL BANK
Rep. Code ▸ MZ
Date ▸ February 4, 2013

→ Please Note Current      BEST TIME TO CALL

Home Phone # _____

Work Phone # _____

Cell Phone # _____

P048531143566



Forster & Garbus LLP
PO BOX 9030
COMMACK, NY 11725-9030

FGST3
F&GST3.V4
228749
Page 1 of 1